

```
U.S. FILED
EASTERN DISTRICT COURT
           DISTRICT OF LA
2003 MAR 14 PH 2:27
LORETTA G. WHYTE
       CLERK
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SILVIA G. DUHE'** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** 03-0746 |
| | * | |
| **JOHN E. POTTER, POSTMASTER** | * | **SECTION " "** |
| **GENERAL, UNITED STATES** | * | SECT. I  MAG. 1 |
| **POSTAL SERVICE** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

To the Honorable United States District Court for the Eastern District of Louisiana and the judges thereof.

The Complaint of Silvia G. Duhe', a major and resident of St. Charles Parish, appearing through undersigned counsel, and complaining of defendant, John E. Potter, Postmaster General, United States Postal Service, respectfully represents:

I.

Plaintiff, Silvia G. Duhe', is an employee of the United States Postal Service in the capacity of a Rural Carrier Associate working out of the United States Post Office located in Destrehan, Louisiana. Plaintiff has been employed at said regional office from August 1999 until present.

II.

The defendant, John E. Potter, is named in his capacity as Postmaster General, United States Postal Service. 42 U.S.C. §2000e - 16(c).

III.

The discriminatory conduct, sexual harassment and hostile work environment hereinafter complained of was caused and created by Johnny Bourgeois, Postmaster of the above referenced Destrehan, Louisiana regional office. Postmaster Bourgeois is a white male.

IV.

Jurisdiction is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e-16.

V.

Venue is proper in this district because all the discriminatory and unlawful acts hereinafter complained of and the resultant hostile work environment occurred and was manifested in this district, namely, in Destrehan, Louisiana.

VI.

On August 5, 2002, Silva G. Duhe' filed a complaint of discrimination, hostile work environment and assault and battery against the United States Postal Service and the above named supervisor, Johnny Bourgeois, Postmaster, Destrehan, regional post office, with the Equal Employment Opportunity Office (EEO) of the U.S. Postal Service. More than 180 days have elapsed since filing without final action and, therefore, plaintiff is exercising her rights under the applicable statute to file suit in federal district court. 42 U.S.C. § 2000 e-16(c). Less than 90 days

have elapsed since the January 24, 2003 U.S. Postal Service EEO dismissal of claims arising before the hereinafter described May 3, 2002 incident.

VII.

Plaintiff is a member of one or more protected classes within the meaning and intent of Title VII of the Civil Rights Act of 1964 as expanded to cover employees of the U.S. Postal Service. She is a female of Spanish descent and Mexican national origin. 42 U.S.C. § 2000 e-16(a). At all times pertinent hereto, plaintiff had performed the duties of her employment satisfactorily.

VIII.

On May 3, 2002, a pattern of repeated, severe and pervasive unwelcomed sexual harassment by the aforesaid Johnny Bourgeois, involving verbal and physical conduct of a sexual nature altering the term and conditions of plaintiff's employment and creating a hostile and abusive working environment culminated when said Postmaster intentionally and forcefully walked into, pushed, and chest and shoulder butted plaintiff while verbally abusing plaintiff and threatening to fire her.

IX.

Plaintiff avers that the circumstances, as hereinafter more fully set forth, leading up to and surrounding the above referenced incident as well as the incident itself suggests and/or allow a reasonable inference of gender based harassment, the incident itself being male on female unwelcomed sexual battery.

X.

Plaintiff avers that Postmaster Bourgeois used his apparent and actual authority to aid or facilitate his perpetration of unlawful sexual harassment.

XI.

Plaintiff promptly reported this attack to local law enforcement authorities. She has since been unable, medically, to return to work under Postmaster Bourgeois and has been under active psychiatric treatment for depression, anxiety and related emotional problems.

XII.

Plaintiff invokes the doctrine of constructive discharge.

XIII.

On at least two occasions prior to May 3, 2002, plaintiff had rebuffed the sexual advances of Postmaster Bourgeois.

XIV.

Relevant to the severity and pervasiveness of the discriminatory conduct toward plaintiff, its physically threatening and humiliating nature committed by the said Postmaster, Johnny Bourgeois, creating and constituting a hostile work environment, plaintiff sets forth both as background information and as Continuing Discrimination/Violation the following prior relevant conduct of said Postmaster:

    A.    On May 7, 2001 while plaintiff was sorting mail and while other carriers were delivering mail, Postmaster Bourgeois came up behind plaintiff. She could hear him

        breathing heavily. When she turned around she saw him, standing just a few feet from her, rubbing his unexposed penis in a sexual manner. He continued to rub himself in this manner as she faced him. She turned away from him but he continued to stand behind her, breathing heavily, until he finally walked away.

B.    On August 6, 2001, plaintiff was being trained by said Postmaster Johnny Bourgeois when he informed her that it was necessary for him to ride with her as part of the training. As she was driving, with Bourgeois in the front passenger seat, he asked her to look toward the right. As she looked he was again rubbing his unexposed penis in a sexual manner. While doing so he was instructing her on how to "put it in the box" and similar words with a clear sexual connotation. During the remainder of the training ride, he continued attempting to get her to look to her right. She refused.

C.    On or about August 8, 2002, when she asked Postmaster Bourgeois for a pin number to fuel the postal vehicle, he became instantly angry and yelling abusively at her.

D.    In September, 2001, Postmaster Bourgeois threatened not to pay plaintiff for training a new hire. She later overheard him tell another employee that he knew he had to pay her but that he was just trying to make her mad.

E.    In late January, 2002, she learned that Postmaster Bourgeois had monitored one or more of her telephone conversations. Also, she saw him following her on her route on several occasions, that is, more frequently than was normal or routine.

F. Plaintiff was passed over by Postmaster Bourgeois for a clerking position when carriers with less seniority were given such positions rather than she. He also gave other, less senior, carriers more favorable routes.

G. Prior to the offensive sexual harassment incident of May 7, 2001, Postmaster Bourgeois engaged in other discriminatory conduct, illustratively:

1. He instructed her that she had to take all of her mail when making deliveries with no exceptions, while other carriers were not required to take all of theirs. When this caused her to return late to the office, she was subjected to verbal harassment from Postmaster Bourgeois.

2. She was instructed to take incoming mail to the New Orleans airport when other carriers were not required to do so.

3. She was told she had to deliver to blocked mailboxes while other carriers were not required to do so.

4. She was told she had to use her personal vehicle to make deliveries when a new hire carrier was allowed to use the Post Office LLV to make deliveries.

5. She was told to arrive at work at 6:00 a.m.; when she would arrive early she was not allowed to come into the building early while other carriers were. On holidays, Postmaster Bourgeois would let other carriers come in at 5:00 a.m. but not her.

6. During the week from January 18th to January 22, 2000, Postmaster

   Bourgeois required her to mark her timesheet to indicate she had taken a lunch break when she had not. He did so to avoid paying her overtime.

7. In March of 2000, when she confronted Postmaster Bourgeois regarding a statement he attributed to her which she had not made, he became angry, shouting at her abusively and calling her a liar.

8. In October, 2000, while out of work per a doctor's note, Postmaster Bourgeois called her at home, shouting at her abusively and threatening to fire her if she did not immediately return to work.

### XV.

Plaintiff further avers that the totality of the circumstances herein suggests and/or allows a reasonable inference that the harassment which occurred prior to the unwelcomed sexual advances/conduct of May 7 and August 6, 2001 was a prelude to said unwelcome sexual advances/conduct, that is, a message that submission to said sexual advances/conduct would improve the term and/or condition of plaintiff's employment and that the post May 7 and August 6, 2001 harassment was a punishment for rejection of said sexual advances/conduct and/or a continuous effect to get plaintiff to submit thereto, all of which culminated the above referenced incident of May 3, 2002.

### XVI.

Plaintiff avers that the discriminatory conduct hereinabove set forth does not constitute merely discrete or unrelated acts, but, rather repeated conduct which collectively constituted one

unlawful employment practice of sexual harassment and hostile work environment. These harassing incidents were relatively frequent, perpetrated by the same supervisor and involved similar types of conduct. They created a continuing violation. Accordingly, plaintiff asserts the doctrine of continuing violation with respect to all conduct which may have fallen outside of applicable administrative delay periods including, specifically, but not limited to the 45 day period for initiating contact with a Counselor.

XVII.

Plaintiff also asserts the doctrines of equitable tolling and/or waiver and/or estoppel.

XVIII.

As a result of the foregoing discriminatory and sexually harassing conduct of Postmaster Bourgeois and the hostile work environment created thereby, plaintiff, Silvia G. Duhe'; has suffered and continues to suffer mental pain and anguish, anxiety, depression, fear and related physical symptoms as well as loss of self-esteem and confidence; she has been unable to work or to enjoy life; she has been under the care of doctors including psychiatrists; she has lost wages and other benefits of employment and will continue to do so in the future; she has and will continue to incur medical expenses.

XIX.

Plaintiff asserts all available rights under Louisiana state law, including but not limited to, Louisiana Civil Code Article 2315, including intentional infliction of emotional distress and assault and battery.

WHEREFORE, plaintiff prays that, after due procedures, there be judgment in her favor and against defendant, the Postmaster General of the U.S. Postal Service:

(1)  Declaring that the actions of Postmaster Johnny Bourgeois violated plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 e-16 and Louisiana Civil Code Article 2315;

(2)  Awarding plaintiff front pay;

(3)  Awarding plaintiff back pay;

(4)  Awarding plaintiff compensatory damages in an amount deemed reasonable in the premises;

(5)  Awarding plaintiff attorney's fees under all available statutes;

(6)  Awarding plaintiff prejudgment interest;

(7)  Awarding plaintiff any other benefits or seniority to which she may be entitled or may have lost as a result of discriminatory conduct against her, including but not limited to promotions, pay raises, favorable routes, loss of value of life and health insurance plans and loss of benefits from participation in Federal Employees Retirement System;

(8)  Granting plaintiff trial by jury; and

(9)     Awarding plaintiff such other relief as is just and equitable.

>                      Respectfully Submitted:
>
>                      **THE GLORIOSO LAW FIRM**
>
>                      _/s/ Vincent J. Glorioso, III_
>                      VINCENT J. GLORIOSO, III (#26896)
>                      MARIA B. GLORIOSO (#24435)
>                      815 Baronne Street
>                      New Orleans, LA   70113
>                      Telephone:  (504) 569-9999
>                      Facsimile:  (504) 569-9022
>                      Counsel for Plaintiff, Silvia G. Duhe'